# Taft/

425 Walnut Street, Suite 1800
Cincinnati, OH 45202
Tel: 513.381.2838 | Fax: 513.381.0205
taftlaw.com

**Aaron M. Herzig**
513.357.8758
aherzig@taftlaw.com

August 23, 2023

Deborah S. Hunt, Clerk of Court
United States Court of Appeals for the Sixth Circuit
540 Potter Stewart U.S. Courthouse
100 E. Fifth Street
Cincinnati, Ohio 45202-3988

    Re:    Response to Appellants' Notice of Supplemental Authority Pursuant to Rule 28(j) in *Hardwick v. 3M Company et al.,* No. 22-3765

Dear Ms. Hunt:

    This Court's ruling in *Fox v. Saginaw County*, 67 F.4th 284 (6th Cir. 2023) has little in common with the above-captioned case, aside from involving the appeal of class certification. Appellants erred by flagging *Fox* as guiding precedent in their August 22, 2023 Notice of Supplemental Authority.

    *Fox* addresses whether the "juridicial link doctrine" allows courts to "jettison th[e] standing element" for class actions. *Id.* at 288. When that doctrine applies, it "allows a named plaintiff in a putative class action to sue defendants who have not injured the plaintiff if these defendants have injured absent class members." *Id.*

But no party here has invoked the juridicial link doctrine. Neither did the district court. And the allegations make clear that Appellants injured all class members, including the named plaintiff. Because *Fox* focuses on "show[ing] how the [juridicial link] doctrine is supposed to work," the holding in *Fox* is inapt. *Id.*

At bottom, the standing defect in *Fox* is absent here. There, the named plaintiff could only trace his injury to the county that seized and sold his property. He did not even try to connect his injury to the other Defendant counties. Because the plaintiff "must tie the injury to each defendant," the class in *Fox* lacked standing. *Id.* at 293. The bulk of *Fox*'s analysis explains how the juridicial link doctrine conflicts with standing requirements. *Id.* at 293–300. That issue is not before the Court: Appellee's certified class has suffered injuries caused by harmful substances that Appellants created and dispersed. Thus, the injury here is tied to each defendant, and arises from Appellants having "developed, manufactured, [and] released" PFOA and other toxic PFAS. (Class Cert. Order, R.233, PageID#6678.)

The facts in *Fox* are also inapposite. There, landowners asserted that a Michigan county foreclosed on properties and failed to repay the landowners surplus funds from the sales. The Rule 23(b)(3) class action seeking profits the government made from selling seized properties in *Fox* bears no resemblance to Appellee's Rule 23(b)(2) class action for traditional medical testing and monitoring to aid individuals poisoned by Appellants' harmful chemicals.

Sincerely,

*/s/ Aaron M. Herzig*
Robert A. Bilott
Aaron M. Herzig
William E. Braff
Taft Stettinius & Hollister LLP
425 Walnut Street, Suite 1800
Cincinnati, OH 45202
Phone: (513) 381-2838
bilott@taftlaw.com
aherzig@taftlaw.com
bbraff@taftlaw.com

David J. Butler
Jonathan N. Olivito
Taft Stettinius & Hollister LLP
41 S. High Street, Suite 1800
Columbus, OH 43215
Phone: (614) 221-2838
dbutler@taftlaw.com
jolivito@taftlaw.com

*Counsel for Plaintiff-Appellee Kevin D. Hardwick*

cc:     Counsel of Record via CM/ECF