No. 22-3765

———————————

IN THE UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

———————————

**KEVIN D. HARDWICK,**

*Plaintiff-Appellee*,

v.

**3M COMPANY; E. I. DU PONT DE NEMOURS AND COMPANY; THE
CHEMOURS COMPANY; ARCHROMA MANAGEMENT LLC;
ARKEMA, INC.; ARKEMA FRANCE, S.A.; AGC CHEMICALS
AMERICAS, INC.; DAIKIN INDUSTRIES LTD.; DAIKIN AMERICA,
INC.; SOLVAY SPECIALTY POLYMERS, USA, LLC,**

*Defendants-Appellants.*

———————————

Appeal from U.S. District Court for the Southern District of Ohio
The Honorable Edmund A. Sargus, No. 2:18-cv-1185

———————————

**RESPONSE TO PETITION FOR REHEARING
AND REHEARING EN BANC**

———————————

Paul D. Clement
CLEMENT & MURPHY, PLLC
706 Duke Street
Alexandria, VA 22314
(202) 742-8900
paul.clement@clementmurphy.com

Daniel L. Ring
Joshua D. Yount
Michael A. Scodro
MAYER BROWN LLP
71 South Wacker Drive
Chicago, IL 60606
(312) 782-0600
Email: dring@mayerbrown.com
 jyount@mayerbrown.com
 mscodro@mayerbrown.com

Andrew J. Pincus
Nicole A. Saharsky
MAYER BROWN LLP
1999 K Street, N.W.
Washington, D.C. 20006
(202) 263-3000
Email: apincus@mayerbrown.com
 nsaharsky@mayerbrown.com

Richard D. Schuster
VORYS, SATER, SEYMOUR
AND PEASE LLP
52 East Gay Street, P.O. Box 1108
Columbus, Ohio 43216-1008
(614) 464-6400
Email: rdschuster@vorys.com

*Counsel for Defendant 3M Company*

Theodore M. Grossman
JONES DAY
250 Vesey Street
New York, NY 10281
T: 212.326.3939
F: 212.755.7306
tgrossman@jonesday.com

Louis A. Chaiten
James R. Saywell
JONES DAY
North Point
901 Lakeside Avenue East
Cleveland, Ohio 44114-1190
T: (216) 586-3939
F: (216) 579-0212
lachaiten@jonesday.com
jsaywell@jonesday.com

*Counsel for Daikin America, Inc. and
Daikin Industries, Ltd.*

Ronald S. Kopp
ROETZEL & ANDRESS
222 South Main Street, Suite 400
Akron, OH 44308
Phone: (330) 849-6644;
Fax: (330) 376-4577
Email: rkopp@ralaw.com

Melanie Black Dubis
Charles Raynal
PARKER POE
PNC Plaza, 301 Fayetteville Street,
Suite 1400
Raleigh, NC 27601
Phone: 919.890.4158;
Fax: 919.834.4564
melaniedubis@parkerpoe.com
charlesraynal@parkerpoe.com

*Counsel for Archroma Management LLC*

James A. King
PORTER, WRIGHT, MORRIS &
ARTHUR LLP
41 S. High Street, Suite 2800
Columbus, OH 43215-6194
Phone: (614) 227-2000
Email: jking@porterwright.com

Daniel A. Spira
SIDLEY AUSTIN LLP
One South Dearborn Street
Chicago, IL 60613
Phone: (312) 853-7274
Email: dspira@sidley.com

Lisa M. Gilford
SIDLEY AUSTIN LLP
555 W. 5th Street
Los Angeles, CA 90013
Phone: (213) 896-6044
Email: lgilford@sidley.com

Heidi Levine
Alan E. Rothman
SIDLEY AUSTIN LLP
787 7th Avenue
New York, NY 10019
Phone: (212) 839-5300
Email: hlevine@sidley.com
arothman@sidley.com

*Counsel for Arkema, Inc. and
Arkema France, S.A.*

Shawn J. Organ
ORGAN LAW LLP
1330 Dublin Road
Columbus, OH 43215
614.481.0901 (T)
614.481.0904 (F)
sjorgan@organlegal.com

Lanny S. Kurzweil
MCCARTER & ENGLISH, LLP
Four Gateway Center
100 Mulberry Street
Newark, NJ 07102
(973) 639-2044
lkurzweil@mccarter.com

Kristofor T. Henning
MCCARTER & ENGLISH, LLP
1600 Market Street, Suite 3900
Philadelphia, PA 19103
215.979.3846
khenning@mccarter.com

Scott A. Chesin
SHOOK, HARDY & BACON LLP
1325 Avenue of the Americas
New York, N.Y. 10019
212-779-6106
schesin@shb.com

*Counsel for The Chemours Company and
E. I. du Pont de Nemours and Company*

Matthew S. Brown
CARLILE PATCHEN & MURPHY
LLP
366 East Broad Street
Columbus, OH 43215
Ph:    614.628.0877
Fax:   614.221.0216
Email: mbrown@cpmlaw.com

Peter C. Condron
Clifford J. Zatz
CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.
Washington, DC 20004-2595
Ph:    202.624.2500
Fax:   202.628.5116
Email: pcondron@crowell.com
  czatz@crowell.com

*Counsel for AGC Chemicals Americas,
Inc.*

Jaren Janghorbani
Theodore V. Wells Jr.
Daniel J. Toal
Crystal Lohmann Parker
PAUL, WEISS, RIFKIND
WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, New York 10019-6064
Telephone: (212) 373-3000
Facsimile: (212) 757-3990
Email: jjanghorbani@paulweiss.com
Email: twells@paulweiss.com
Email: dtoal@paulweiss.com
Email: cparker@paulweiss.com

*Counsel for Defendant Solvay Specialty
Polymers USA, LLC*

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ...................................................................... ii

INTRODUCTION ................................................................................... 1

BACKGROUND .................................................................................... 3

ARGUMENT ......................................................................................... 6

    I.     THE PANEL CORRECTLY HELD THAT HARDWICK
          FAILED TO ADEQUATELY PLEAD TRACEABILITY. ................ 7

    II.    EVEN IF HARDWICK HAD PLEADED TRACEABILITY,
          HIS CASE COULD NOT PROCEED. ............................................ 14

CONCLUSION ..................................................................................... 17

# <u>TABLE OF AUTHORITIES</u>

**Page**

CASES

*Allen v. Wright*,
    468 U.S. 737 (1984)..............................................................7

*Ass'n of Am. Physicians & Surgeons v. U.S. FDA*,
    13 F.4th 531 (6th Cir. 2021) .................................................10

*Clapper v. Amnesty Int'l USA*,
    568 U.S. 398 (2013)........................................................14, 16

*DaimlerChrysler Corp. v. Cuno*,
    547 U.S. 332 (2006)..............................................................9

*Fox v. Saginaw County*,
    67 F.4th 284 (6th Cir. 2023) .........................................passim

*Georgia-Pac. Consumer Prod. LP v. NCR Corp.*,
    40 F.4th 481 (6th Cir. 2022) ...........................................11, 12

*Hardwick v. 3M*,
    87 F.4th 315, No. 22-3765 (6th Cir. Nov. 27, 2023)..................passim

*In re 3M Co.*,
    No. 22-0305 (6th Cir. Sept. 9, 2022) ............................passim

*Lewis v. Casey*,
    518 U.S. 343 (1996)..............................................................9

*Parsons v. DOJ*,
    801 F.3d 701 (6th Cir. 2015) .........................................10, 11

*Patterson v. Novartis Pharm. Corp.*,
    451 F. App'x 495 (6th Cir. 2011) ...........................................7

*Radvansky v. City of Olmsted Falls*,
    395 F.3d 291 (6th Cir. 2005) .................................................16

*Spokeo, Inc. v. Robins*,
    578 U.S. 330 (2016)............................................................10

*United States v. Carroll*,
  667 F.3d 742 (6th Cir. 2012) ...................................................................8

*White v. United States*,
  601 F.3d 545 (6th Cir. 2010) ...............................................................10

## RULES

Rule 12(b)(1).......................................................................................10

Rule 23 ..................................................................................................5

Rule 23(f) ..............................................................................................5

6th Cir. I.O.P. 35(a)..........................................................................7, 13

## **INTRODUCTION**

Hardwick insists that his case "deserves a second look" and so seeks rehearing from the panel or the full Sixth Circuit. Pet.9. But this case has already received a second look. Six judges of this Court have reviewed this case, and the merits panel confirmed what the motions panel predicted: "Hardwick lacks standing to bring this case." *Hardwick v. 3M*, 87 F.4th 315, No. 22-3765 (6th Cir. Nov. 27, 2023), slip op. at 3 ("Op."); *see In re 3M Co.*, No. 22-0305 (6th Cir. Sept. 9, 2022) ("23(f) Op.").

Nothing in Hardwick's petition undermines that conclusion. The motions and merits panels rightly took issue with the district court's decision to certify "one of the largest class actions in history, predicated on a questionable theory of standing," 23(f) Op.19—for "[s]eldom [has] so ambitious a case [been] filed on so slight a basis," Op.2. Hardwick's complaint seeks a court-ordered "Science Panel" that would effectively supersede all ongoing and future efforts to study per- and polyfluoroalkyl substances (PFAS) by making PFAS findings binding on Defendants and on a nationwide class of all Americans. And yet, despite this unprecedented request, "Hardwick admits 'he has "no idea" which Defendant (if any) exposed him to PFAS.'" 23(f) Op.11; *see* Op.2. "[N]or does he know, or indeed have much idea, whether those chemicals might someday make him sick; nor, as a result of those chemicals, does he have any sickness or symptoms now." Op.2. It is precisely because of all these unknowns—including whether *any* defendant injured

him at all—that he hopes to force "defendants to fund a 'science panel' to study the effects of PFAS." 23(f) Op.1. But before a federal court can grant any relief (especially of the novel sort Hardwick seeks for some 330 million Americans), a plaintiff needs standing, and Hardwick lacks it several times over. Article III does not permit federal courts to order Hardwick's compelled science project.

The merits panel correctly so concluded. Focusing on one of Hardwick's many standing problems, the panel followed well-established traceability and pleading precedent to hold that Hardwick failed to adequately plead traceability. Op.5-7. There is no reason to revisit that correct decision. And even if Hardwick could get past the "patent[] insufficien[cies]" with his traceability allegations, Op.7, he would run straight into multiple other deficiencies identified by the 23(f) panel with this unprecedented effort to litigate on behalf of every Ohioan or every American. Hardwick's belated request to amend his complaint, Pet.1, also runs into problems, for it is both forfeited and futile. The merits panel was eminently correct to remand with instructions to dismiss the case for lack of jurisdiction. This Court should deny Hardwick's petition.

## **BACKGROUND**

Everyone agrees that "[t]he family of chemicals" Hardwick sued about, called "PFAS," have been "ubiquitous" and in "innumerable applications" for many

decades.  Op.2, 3; *see* Pet.14.  And "nobody disputes that thousands of different compounds fall under the heading of PFAS."  Op.6.

The lone plaintiff here, Kevin Hardwick, has five of these thousands of types of PFAS in his blood, yet he sued over all of them.  Compl., R.96, PageID#561-62.  He sought a nationwide, non-opt-out class of nearly every person residing in the United States, who all allegedly have some trace levels of some kind of PFAS in them.  "And as relief for his claims, Hardwick asked the district court to appoint a 'Science Panel'—whose conclusions, he said, 'shall be deemed definitive and binding on all the parties.'"  Op.2-3.

In selecting the ten named Defendants, Hardwick might as well have "throw[n] [] at a dart board."  Oral Arg. ("OA") 38:55-39:02 (Thapar, J.).  He claims now that he sued "the ten known manufacturers of PFOA (and sole manufacturer of PFOS)."  Pet.10.  But that is not what his complaint alleges.  There, he claimed that the defendants were just some of the countless companies that "marketed, developed, distributed, sold, manufactured, released, trained users on, produced instructional materials for, and/or otherwise handled and/or used one or more PFAS materials."  Compl., R.96, PageID#567.  Nor does the record reflect that these ten Defendants make up "the industry" for PFAS.  *Contra* Pet.10.  Far from it.  Defendants submitted five expert reports, while Hardwick submitted none and declined to depose Defendants' experts.  This undisputed expert evidence shows that "PFAS are

manufactured and used" by a wide variety of entities, including "entities other than the named Defendants…. Some PFAS, including PFOS and PFOA, continue to be imported into the United States" by foreign PFAS manufacturers, especially from China. Reitman Rep., R.200-4, PageID#5322. Even the evidence Hardwick cites in his petition (at 5) explains that the manufacturers of PFAS include non-parties, "includ[ing] companies in China and Russia." Bilott Decl. Ex. C-15, R.164-3, PageID#2138-39.

As far as what Defendants did to cause Hardwick's supposed injury, Hardwick's complaint says even less. All he alleged is that "Defendants have each" done one or more of a list of verbs (using, manufacturing, handling, marketing, etc.) "in such a way as to cause the contamination of Plaintiff's [blood]." Compl., R.96, PageID#567.

The district court acknowledged that these were "collective allegations," but nevertheless held that they sufficed for traceability for "each Defendant." MTD Op., R.128, PageID#850, 865-66; *see id.* at PageID#863. The court, relying on a Sixth Circuit "decision [that] never resolved (or even discussed)" standing, also rejected Defendants' remaining standing arguments. 23(f) Op.8. The court then certified a class including everyone "subject to the laws of Ohio"—presumably over 11.8 million people. Order, R.233, PageID#6663. And the court suggested that this class

would expand to every other state unless *Defendants* "move[d] … to exclude … states that do not recognize medical monitoring." *Id.*, PageID#6697.

Defendants petitioned this Court for review under Rule 23(f), arguing that the class flouted Rule 23 and that the district court lacked jurisdiction because Hardwick lacked standing.

A motions panel of this Court (Guy, Donald, Bush, JJ.) granted review. In an extensive 19-page opinion, the panel held that Defendants "would likely succeed on appeal" on at least three issues: (1) Hardwick's lack of standing; (2) the absence of class commonality and cohesion; and (3) the failure to specify the requested relief. 23(f) Op.6.

The merits panel (Kethledge, Thapar, Mathis, JJ.) confirmed what the motions panel predicted. It chose to "begin and end" its analysis with standing, and in particular with "the element of traceability." Op.5. "For two reasons," the panel held, "Hardwick has failed to carry [his] burden as to any of the defendants," even when evaluating the pleadings alone. Op.6. *First*, Hardwick's "collective" allegations misunderstood that "standing is not dispensed in gross." Op.6. By "lumping" together all Defendants (and all PFAS), Hardwick failed to "tie his [alleged] injury 'to each defendant.'" Op.6 (quoting *Fox v. Saginaw County*, 67 F.4th 284, 293 (6th Cir. 2023)). *Second*, Hardwick failed to adequately plead traceability under *Twombly* and *Iqbal*. "[N]owhere in his complaint" did Hardwick

allege that "any of these defendants, much less every one of them, manufactured any of th[e] five compounds" in his blood; nor did he allege "any plausible pathway by which any of these defendants could have delivered any of these five PFAS to his bloodstream." Op.7. Instead, Hardwick alleged merely that Defendants collectively did one or more of some ten different things (from manufacturing to using), related to one or more of the thousands of PFAS, "in such a way as to cause the contamination of [his blood]." *Id.* These were "textbook" conclusory allegations that "the Supreme Court has found inadequate." *Id.* This Court accordingly vacated the district court's certification order and remanded the case "with instructions to dismiss the case for lack of jurisdiction." Op.7.

Hardwick sought panel rehearing and rehearing en banc.

## **ARGUMENT**

Hardwick asserts that rehearing is warranted because the panel's unanimous opinion "departed from this Circuit's traceability precedent," "[r]ewr[ote] the traceability standard," and reached the wrong result. Pet.3. Hardwick is wrong across the board. And the traceability deficiency is just the tip of an iceberg of problems with this overly ambitious effort to sue on behalf of millions based on the slightest of allegations.

## I.     THE PANEL CORRECTLY HELD THAT HARDWICK FAILED TO ADEQUATELY PLEAD TRACEABILITY.

There is no need to rehear this case, en banc or otherwise, because the panel reached the correct result—a result aligned with precedent, the pleadings, and the record.   There is therefore no "error," far less one "of exceptional public importance," and there is no "conflict[] with Supreme Court or Sixth Circuit precedent."  6th Cir. I.O.P. 35(a).

**1.**  The panel's decision was correct.  Hardwick failed to plead whether (and, if so, what type of) PFAS entered his blood from *any* Defendant, far less "any particular" Defendant and in "any particular" way.  *Allen v. Wright*, 468 U.S. 737, 758 (1984).  He thus failed traceability twice over.

*First*, Hardwick's allegations were "collective," as the district court itself acknowledged.   MTD Op., R.128, PageID#865-66.   Nowhere in Hardwick's complaint did he allege which of the ten Defendants, if any, manufactured the five kinds of PFAS in him.  Indeed, when he filed his complaint, he had not even been *tested* for PFAS and thus did not even know what kinds of PFAS, if any, were in him.  *See* Hardwick Dep., R.200-6, PageID#5413.  Nor did Hardwick allege that the Defendants constituted *all manufacturers* of PFAS.  Instead, he alleged that the defendants were *either* manufacturers, *or* developers, *or* marketers, *or* sellers, *or* handlers, *or* other "use[rs]" of PFAS.  Compl., R.96, PageID#567; *see Patterson v. Novartis Pharm. Corp.*, 451 F. App'x 495, 497-98 (6th Cir. 2011) (pleading "and/or"

7

means one or the other). Hardwick's complaint is thus even more obviously deficient than the plaintiff's in *Fox*, who at least could trace his injury to *one* of the several defendants he sued. *See Fox*, 67 F.4th at 293; OA 34:05-40 (Kethledge, J.). Hardwick cannot trace his exposure to *any* particular defendant here. *See United States v. Carroll*, 667 F.3d 742, 745 (6th Cir. 2012).

*Second*, even if Hardwick had identified and sued the entities responsible for the PFAS in him, he failed to adequately "allege any plausible pathway by which any of these defendants could have delivered any of these five PFAS to his bloodstream." Op.7. His allegations on this score were as conclusory as could be. All his complaint alleges is that "Defendants," collectively, did one or more of ten different things, ranging from training users on PFAS to handling them to using them and much more, "in such a way as to cause the contamination." Compl., R.96, PageID#567. In "such a way," though, does not tell us in *which* way, as a complaint must to pass muster. *See* Op.7.

When pressed on this at oral argument, Hardwick's counsel had no answers. The panel repeatedly asked if "anything in the record" shows that "these ten defendants"—"each of them," not "collectively" but individually—"is responsible for PFAS in your client's bloodstream." OA 39:28-40:03; *see also, e.g.*, OA 34:40-37:10. Counsel gave a candid and telling answer: "I do not know yet." OA 40:04-28. That is as close to a concession that traceability is lacking as the Court will see.

8

**2.** Hardwick's counsel insists "the Court is looking at [traceability] the wrong way." OA 40:14-17. The petition asserts that the complaint's collective and conclusory allegations should suffice. But none of these arguments undermines the panel's analysis—or comes close to warranting rehearing.

***Standing is not dispensed in gross***. At argument, Hardwick insisted that the *class* nature of this case should affect the traceability analysis, *see id.* at 36:10-16, 39:16-22 (referring to "these plaintiffs"); and Hardwick's petition continues to try to leverage other class members' purported standing to bolster Hardwick's own, *see, e.g.*, Pet.2, 12. But as the panel correctly held, "standing is not dispensed in gross." Op.6 (quoting *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 353 (2006)); *see Fox*, 67 F.4th at 293. A named plaintiff must establish his standing before he can represent anyone else. Thus, "that Hardwick brought this case as a putative class action 'adds nothing to the question of standing.'" Op.5 (quoting *Lewis v. Casey*, 518 U.S. 343, 357 (1996)).

***No circuit conflict***. Hardwick next insists that "the panel's traceability analysis conflicts with Sixth Circuit precedent" in three ways. Pet.11 (capitalization omitted). But all three purported splits are illusory at best and at worst ignore binding circuit precedent.

First, emphasizing that "the burden for showing traceability" on the pleadings "is relatively modest," Hardwick argues that the panel was too demanding of his

9

pleadings.  Pet.11.  Hardwick's conclusion, though, does not follow.  The panel's holding that Hardwick failed to meet even his "relatively modest" burden only shows how weak Hardwick's traceability allegations are.  It does not show that the panel strayed from any precedent or erred.

Second, Hardwick contends that the panel split from other panels "by importing" the "pleading requirements" from *Twombly* and *Iqbal* "into its traceability analysis."  Pet.13.  But this Court has already definitively held that "*Twombly*'s plausibility test [applies in] th[e] standing context."  *Ass'n of Am. Physicians & Surgeons v. U.S. FDA*, 13 F.4th 531, 544 (6th Cir. 2021).  The Supreme Court, too, has "made clear that a complaint must 'clearly allege facts demonstrating'" all elements of standing.  *Id.* at 543 (quoting *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016)).  The lone case Hardwick cites supposedly to the contrary (Pet.13) is far afield.  *Parsons v. DOJ* simply explained that the plaintiff there was advancing a Rule 12(b)(1) argument, as opposed to a 12(b)(6) argument.  801 F.3d 701, 715 (6th Cir. 2015).  But while that distinction may matter for other purposes, it does not excuse a failure to plead traceability.  Indeed, when it came to 12(b)(1), *Parsons* held that plaintiffs must "allege facts adducing that their injuries are fairly traceable to the [defendant's] actions," *id.*—precisely what Hardwick failed to do here.  *See White v. United States*, 601 F.3d 545, 552 (6th Cir. 2010) (requiring plausible, non-conclusory allegations to support standing at the pleadings stage).

Third, Hardwick claims a conflict with cases concerning indirect harm or multi-party harms. Pet.2-3, 13. But those cases do not address the situation here, in which a plaintiff has failed to connect *any* particular defendant to his alleged harms. Instead, in Hardwick's cited cases, the defendants unquestionably had a connection to the plaintiff's alleged injury, even if the defendants only indirectly or partially caused the injury. *See, e.g.*, *Parsons*, 801 F.3d at 713 (plaintiffs "alleged facts demonstrating that their injuries were caused, at least in part, by the [defendants'] actions"). Hardwick, in contrast, has entirely failed to "tie [his alleged] injury" to *any* defendant, far less to "each defendant." *Fox*, 67 F.4th at 293.[1] There is thus no circuit conflict.

***Consistent with pleadings and record***. Hardwick next accuses the panel of "disregard[ing] material parts of the pleadings and record." Pet.3. But the panel gave Hardwick's counsel every opportunity to identify anything in the pleadings or record that showed traceability for *any* defendant, and he could not. *See, e.g.*, OA 39:52-40:28 ("I do not know yet.").

---

[1] For this reason and others, Hardwick cannot evade his traceability problems by invoking a purported conspiracy or notions of alternative or market-share liability. *Contra* Pet.16-17. The traceability portion of his appellate brief, moreover, included not a single word referring to these theories, *see* Appellee's Br.25-27, and so they are forfeited, *see Georgia-Pac. Consumer Prod. LP v. NCR Corp.*, 40 F.4th 481, 483-84, 487 (6th Cir. 2022).

11

Counsel could not point to anything in the record or pleadings establishing traceability for good reason: Nothing does. The petition boldly proclaims that "[n]o record evidence" "suggests that *any* entity other than the ten named Defendants herein made" the PFAS in Hardwick. Pet.14. But that argument is trebly flawed— not only does it improperly flip the burden from Hardwick to Defendants, it is also both forfeited and wrong. Hardwick forfeited this argument by failing to make it in his appellate brief or at oral argument, *Georgia-Pac.*, 40 F.4th at 483-84, and the undisputed record evidence shows that "PFAS are manufactured and used" by all sorts of entities, including "entities other than the named Defendants." Reitman Rep., R.200-4, PageID#5322. "Some PFAS, including PFOS and PFOA, continue to be imported into the United States" by foreign PFAS manufacturers, especially from China. *Id.*; *see also, e.g.*, Bilott Decl. Ex. C-15, R.164-3, PageID#2138-39 (Hardwick's own evidence showing the "global [] scope" of the issue).[2]

This is why Hardwick's appellate brief, in its traceability section, did not even *argue* that Hardwick sued all of the manufacturers of the PFAS in his blood. Instead, Hardwick claimed that he satisfied traceability by "identif[ying] the *main* manufacturers of PFOA responsible for creating and releasing PFOA (and other

---

[2] Hardwick's newfound argument about 3M being the only domestic producer of PFOS, missing from his complaint and even his appellate brief, is both forfeited because he raises this for the first time in a rehearing petition, *see Georgia.-Pac*, 40 F.4th at 483-84, 487, and a red herring because the record shows that companies besides 3M made PFOS, *see, e.g.*, Reitman Rep., R. 200-4, PageID#5322.

PFAS)." Appellee's Br.26 (emphasis added). Worse, his complaint merely alleged that the ten defendants "marketed, developed, distributed, sold, manufactured, released, trained users on, produced instructional materials for, *and/or* otherwise handled *and/or* used one or more PFAS materials." Compl., R.96, PageID#567 (emphasis added). For Hardwick to now claim (at 5, 11) that "Defendants, and only Defendants," are "the ten entities responsible for creating and manufacturing the raw PFOA chemical (and other PFAS)," cannot be squared with the record. If anyone has "disregarded" the pleadings and record, Pet.3, it is Hardwick.

*Importance.* Hardwick's final reason for rehearing is that the underlying issues are important. But the size of a proposed class and the significance of a subject of litigation are insufficient for rehearing. The panel must have decided issues of "exceptional public importance" in a way that makes a "precedent-setting error." 6th Cir. I.O.P. 35(a). Because the panel here reached the right result, there are no "errors" that could "multiply" in future cases. *Contra* Pet.11. There is thus no reason to grant rehearing.

Nor is Hardwick right that the panel's decision requires the judiciary to stand down with respect to PFAS or permits these ten defendants to "get away with" some wrong. Pet.1. The panel's modest opinion requires only what Article III does—that a plaintiff trace his injury to each defendant he sues. *See Fox*, 67 F.4th at 293-94. Here, that means that Hardwick cannot "usurp the powers of the political branches,"

*Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 408 (2013), by attempting to research and regulate all PFAS everywhere without so much as tying any defendant to the particular PFAS in him.  That is a virtue of Article III, not a vice.  And while jurisdiction is the first question in every case and the last question here, a suit that is not "so ambitious" nor "filed on so slight a basis" could have another answer.  *See* Op.2.

## II.    EVEN IF HARDWICK HAD PLEADED TRACEABILITY, HIS CASE COULD NOT PROCEED.

In all events, the panel decision just focused on one of the multiple defects identified by the 23(f) panel.  Granting rehearing would thus be an exercise in futility.

First, even if Hardwick had *alleged* traceability, the evidence refutes it now. This case has moved past the pleading stage—and "at this stage," a court should not "ignor[e]" evidence in the record.  OA 26:15-27:30 (Hardwick's counsel conceding as much); *see* 23(f) Op.11-12 (collecting cases).  The record here includes not only the undisputed expert evidence about the "litany of possible pathways through which Hardwick might have been exposed" to PFAS, which "calls into question the district court's view that mere allegations about traceability sufficed."  23(f) Op.12.  It also includes Hardwick's "particularly troubling" sworn admission that "he has '*no idea*' which Defendant (if any) exposed him to PFAS."  23(f) Op.11 (emphasis added).

14

Thus, a "closer inspection of the record," Pet.14, only confirms that traceability is lacking.

If anything, rehearing would lead the Court to *expand* on the reasons for dismissing this unprecedented overreach. As with traceability, Hardwick has neither alleged nor shown injury or redressability. And, as the 23(f) opinion underscores, the defects with Hardwick's suit hardly end at the Article III threshold.

***Injury.*** To obtain the prospective relief he seeks, Hardwick agrees he needs to show "imminent harm." Appellee's Br.20. Trying to meet that standard, Hardwick's petition deploys heated rhetoric about poisoned wells and ticking time bombs. But from his complaint to his appellate brief to oral argument, Hardwick has consistently *disclaimed* any imminent harm. Indeed, the very "point of this lawsuit" is that Hardwick "doesn't know" how much, if any, of a risk he faces from PFAS. 23(f) Op.3. His own doctor does not think he is at any risk from PFAS and does not recommend PFAS-related monitoring. Sealed Dep. Tr., R.201, Ex. 6, 48:6-49:3; *see also* Alexander Rep., R.200-1, PageID#4990, 4993; Beck Rep., R.200-2, PageID#5147. That is why he wants a Science Panel—to study *whether* he is at any increased risk of disease. Compl., R.96, PageID#576-77, 579, 590-91. When asked point-blank if any evidence showed that "Hardwick and people with his level in him will get any of those [diseases]," counsel replied, "That's what we need a science panel to understand." OA 47:54-48:05. A plaintiff, though, must come to court

alleging (and then proving) injury in fact; he cannot sue to find out *if* he is injured. *See Clapper*, 568 U.S. at 409.

*Redressability.*  Hardwick tries to salvage his lack of injury by re-defining his "injury" claim—changing it from the increased risk of disease in the future to the mere exposure to PFAS in the past.  But even if the "presence of PFAS in Hardwick's blood [could] potentially qualify as an Article III injury" in some case, Hardwick's requested remedy "can't do anything about the presence *per se* of PFAS in Hardwick's blood."  23(f) Op.8-9.  As such, "his requested relief would [not] likely redress [t]his asserted injury." *Id.* at 9.  Hardwick thus finds himself between Scylla and Charybdis:  He disclaims the type of injury that theoretically could be redressable (certainly impending future harm from PFAS exposure); and any past "injury" he pleads (mere exposure) is not redressable by the relief he seeks.

That Hardwick cannot satisfy any elements of standing—at the pleading stage and on this record—also shows why this Court should reject Hardwick's thirteenth-hour request for the panel to "modify the scope of its remand to permit the trial court to consider whether Plaintiff should be entitled to amend his complaint."  Pet.1.  To start, Hardwick forfeited this argument by failing to brief it on appeal. *See Radvansky v. City of Olmsted Falls*, 395 F.3d 291, 311 (6th Cir. 2005).  Moreover, any repleading would be futile.  The myriad other fatal flaws with Hardwick's lawsuit, noted by the 23(f) panel and addressed in Defendants' briefing, would

prevent Hardwick from pleading standing.  Those problems—not to mention Rule 23's limits, *see* 23(f) Op.7-9—would certainly foreclose this cosmic class action. And if the district court somehow concluded otherwise, Defendants would be forced to come back to this Court yet again—an inefficient and unfair result with absolutely nothing to recommend it.

## <u>CONCLUSION</u>

This Court should deny the petition.

December 22, 2023                              Respectfully submitted,

<u>/s/ Paul D. Clement</u>                          <u>/s/ James R. Saywell</u>
Paul D. Clement                               Louis A. Chaiten (0072169)
CLEMENT & MURPHY, PLLC                         James R. Saywell (0092174)
706 Duke Street                               JONES DAY
Alexandria, VA 22314                          North Point
(202) 742-8900                                901 Lakeside Avenue East
paul.clement@clementmurphy.com                Cleveland, Ohio 44114-1190
                                              T: (216) 586-3939
*Counsel for Defendant 3M Company*            F: (216) 579-0212
                                              lachaiten@jonesday.com
                                              jsaywell@jonesday.com

                                              Theodore M. Grossman
                                              JONES DAY
                                              250 Vesey Street
                                              New York, NY 10281
                                              T: 212.326.3939
                                              F: 212.755.7306
                                              tgrossman@jonesday.com

                                              *Counsel for Daikin America, Inc. and*
                                              *Daikin Industries, Ltd.*

Daniel L. Ring
Joshua D. Yount
Michael A. Scodro
MAYER BROWN LLP
71 South Wacker Drive
Chicago, IL 60606
(312) 782-0600
Email: dring@mayerbrown.com
 jyount@mayerbrown.com
 mscodro@mayerbrown.com

Andrew J. Pincus
Nicole A. Saharsky
MAYER BROWN LLP
1999 K Street, N.W.
Washington, D.C. 20006
(202) 263-3000
Email: apincus@mayerbrown.com
 nsaharsky@mayerbrown.com

Richard D. Schuster
VORYS, SATER, SEYMOUR
  AND PEASE LLP
52 East Gay Street, P.O. Box 1108
Columbus, Ohio 43216-1008
(614) 464-6400
Email: rdschuster@vorys.com

*Additional counsel for Defendant 3M
  Company*

/s/ Jaren Janghorbani
Jaren Janghorbani
Theodore V. Wells Jr.
Daniel J. Toal
Crystal Lohmann Parker
PAUL, WEISS, RIFKIND
WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, New York 10019-6064
Telephone: (212) 373-3000
Facsimile: (212) 757-3990
Email: jjanghorbani@paulweiss.com
Email: twells@paulweiss.com
Email: dtoal@paulweiss.com
Email: cparker@paulweiss.com

*Attorneys for Defendant Solvay
  Specialty Polymers USA, LLC*

/s/ Ronald S. Kopp
Ronald S. Kopp
ROETZEL & ANDRESS
222 South Main Street, Suite 400
Akron, OH 44308
Phone: (330) 849-6644;
Fax: (330) 376-4577
Email: rkopp@ralaw.com

Melanie Black Dubis
Charles Raynal
PARKER POE
PNC Plaza, 301 Fayetteville Street,
Suite 1400
Raleigh, NC 27601
Phone: 919.890.4158;
Fax: 919.834.4564
melaniedubis@parkerpoe.com
charlesraynal@parkerpoe.com

*Counsel for Archroma Management LLC*

/s/ James A. King
James A. King
PORTER WRIGHT MORRIS &
ARTHUR
41 S. High Street, Suite 2800
Columbus, OH 43215-6194
Phone:        (614) 227-2000
Email: jking@porterwright.com

Daniel A. Spira
SIDLEY AUSTIN LLP
One South Dearborn Street
Chicago, IL 60613
Phone: (312) 853-7274
Email: dspira@sidley.com

Lisa M. Gilford
SIDLEY AUSTIN LLP
555 W. 5th Street
Los Angeles, CA 90013
Phone: (213) 896-6044
Email: lgilford@sidley.com

Heidi Levine
Alan E. Rothman
SIDLEY AUSTIN LLP
787 7th Avenue
New York, NY 10019
Phone: (212) 839-5300
Email: hlevine@sidley.com
arothman@sidley.com

*Counsel for Arkema, Inc. and
Arkema France, S.A.*

/s/ Shawn J. Organ
Shawn J. Organ
ORGAN LAW LLP
1330 Dublin Road
Columbus, OH 43215
614.481.0901 (T)
614.481.0904 (F)
sjorgan@organlegal.com

Lanny S. Kurzweil
MCCARTER & ENGLISH, LLP
Four Gateway Center
100 Mulberry Street
Newark, NJ 07102
(973) 639-2044
lkurzweil@mccarter.com

Kristofor T. Henning
MCCARTER & ENGLISH, LLP
1600 Market Street, Suite 3900
Philadelphia, PA 19103
215.979.3846
khenning@mccarter.com

Scott A. Chesin
SHOOK, HARDY & BACON LLP
1325 Avenue of the Americas
New York, N.Y. 10019
212-779-6106
schesin@shb.com

*Attorneys for The Chemours Company and E. I. du Pont de Nemours and Company*

/s/ Matthew S. Brown
Matthew S. Brown
CARLILE PATCHEN & MURPHY LLP
366 East Broad Street
Columbus, OH 43215
Ph:    614.628.0877
Fax:   614.221.0216
Email: mbrown@cpmlaw.com

Peter C. Condron
Clifford J. Zatz
CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.
Washington, DC 20004-2595
Ph:    202.624.2500
Fax:   202.628.5116
Email: pcondron@crowell.com
       czatz@crowell.com

*Counsel for AGC Chemicals Americas, Inc.*

## <u>CERTIFICATE OF COMPLIANCE</u>

This brief complies with the type-volume limitation of Fed R. App. P. 35(e) and of this Court's order because it contains 3,849 words (excluding the parts of the brief exempted by Fed. R. App. P. 32(f) and Sixth Circuit Rule 32(b)(1)), as counted using the word-count function on Microsoft Word software.

This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in proportionally spaced typeface using Microsoft Word 2016, in Times New Roman style, 14-point font.

December 22, 2023                          <u>/s/ James R. Saywell</u>

James R. Saywell

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on December 22, 2023, I electronically filed the original of this response with the Clerk of the Court using the CM/ECF system. Notice of this filing will be sent to all attorneys of record by operation of the Court's electronic filing system.

<u>/s/ James R. Saywell</u>

James R. Saywell